UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

* * * * *

JULIE DOMBROWSKI, an individual,

        Plaintiff,

-vs-

MENOMINEE COUNTY, a
Governmental Unit; BARBARA
PARRETT, in her individual and official
capacity; and DIANE LESPERANCE,
in her individual and official capacity,

        Defendants.

Case No. 2:24-cv-00065

HON. PAUL L. MALONEY

_____

**PLAINTIFF'S MOTION FOR STATUS CONFERENCE AND TO HOLD
RESPONSE DATES IN ABEYANCE PENDING STATUS CONFERENCE**

_____

COME NOW, Plaintiff by and through counsel, VISSER AND ASSOCIATES, PLLC, THE MILLER LAW FIRM, PC, OUTSIDE LEGAL COUNSEL, PLC, and GRONDA PLC and for her Motion for Status Conference and To Hold Response Dates in Abeyance Pending Status Conference state as follows:

1.	This matter is one of a number of cases pending in this Court brought by former class members who have opted out of the proposed settlement in *Wayside Church v. Van Buren County*, Case No. 1:14-cv-01274-PLM (Western District of Michigan).

2.	Also pending in this Court, involving claims for surplus proceeds from the sale of properties that were foreclosed due to delinquent taxes.  All have been assigned to the Honorable Paul L. Maloney.

3.	The cases related to this Motion involve two categories.  The first are cases that were filed in this Court, or removed to this Court, prior to September 13, 2023.  Those cases are listed on the attached **Exhibit A**.  The second category are cases that have been filed in this Court, or removed to this Court, since that date.  Those cases (as of this date) are listed on the attached **Exhibit B**.  Additionally, there are several similar cases currently pending in state courts that, upon information and belief, the various counties intend to remove to this Court.

4.	On September 6, 2023, US Magistrate Judge Green entered Orders in 20+ cases setting a Status Conference for September 26, 2023, to "streamline these

cases going forward." An exemplary copy of that order as filed in one of those cases is attached as **Exhibit C**.

5.      On September 14, 2023, this Court entered a Stipulated Order for Stay in those then-pending 20+ cases. An exemplary copy of that order as filed in one of those cases is attached as **Exhibit D**.

6.      Prior to entry of the Stay Orders, the involved counties filed Motions to Dismiss in some of the then existing cases.  However, for the balance of the cases filed prior to entry of the Stay Order, the Defendants have not yet filed initial responsive pleadings – either Answers or Motions to Dismiss.  Upon information and belief, the Defendants intend to file such pleadings when the current stay on those cases is lifted.

7.      In a number of the cases that were filed or removed after September 12, 2023, the Defendants have filed Motions to Dismiss or Answers in response. In other cases, the date for responsive pleadings has not yet passed.

8.      While many of the Motions to Dismiss assert the same allegations and are duplicative of arguments made in other cases, many of the arguments made in these Motions to Dismiss are based on differing legal and factual theories and could easily result in inconsistent application of the law.

9.      There are currently deadlines pending with various responses and/or answers which would likely fall before any potential Status Conference.

10.     At the Status Conference on September 26, 2023, the parties and Judge Green discussed but did not resolve on a definite plan for streamlining the cases moving forward. All parties appeared to agree, however, that many issues were likely common across all the cases. A Transcript of that hearing was filed in each of the cases subject to the September 6 order and can be found in *Hottenrott et al v. Iron, County of et al*, Case No. 2:23-cv-00117-PLM-PJG at ECF No. 35.

11.     Plaintiff believes that the goal of the status conference held on September 26, 2023, to "streamline these cases going forward," will not be served by multiple Motions to Dismiss predicated on theories of law, as are currently being filed, and that holding all deadlines in abeyance until a status conference so that the Court and parties may bring some structure to the process and set a schedule to address the issues raised in these cases in a manner and sequence that will best serve judicial economy and the interests of justice

12.     A substantially identical Motion seeking the same relief is being filed in each of the cases identified in **Exhibit A** and **Exhibit B**.

13.     A draft of this Motion that substantively sought the same relief was circulated to all defendants in all affected cases seeking concurrence. At least one attorney for defendants indicated he was categorically opposed to the motion stating "[e]very claim needs to be individually tested." Another attorney for other defendants wrote he was "disinclined to agree to the need for a status conference"

for the same reasons, but indicated an interest in discussing if there were issues upon which the parties would agree. Copies of these emails are attached to the Certificate of Concurrence. Given this opposition, Plaintiff has filed her motion. While Plaintiff believes defendants' position that the cases should each be heard individually on all issues is in conflict with statements made at the September 26, 2023 status conference before Judge Green, Plaintiff will seek to discuss these issues with Defense counsel interested in the exercise of discussing the motion in an attempt to narrow differences regarding how to move forward with these cases in keeping with the Court's directive in its September 6, 2023 Order.

WHEREFORE, Plaintiff requests that this Court set a Status Conference to assess streamlining of the cases. Plaintiff also requests that the Court hold in abeyance all deadlines that the Plaintiff may have to file responses to Motions to Dismiss for those cases filed both before the entry of the Stay Order and those cases filed or removed to this Court after entry of the Stay Order until the Court can identify the sequence of the issues it wants addressed.

Respectfully Submitted,

Dated:  May  2  , 2024

/s/ Daniel O. Myers (P49250)          _
**Daniel O. Myers (P49250)**
Donald R. Visser (P24961)
Donovan J. Visser (P70847)
VISSER AND ASSOCIATES, PLLC
2480 44th Street, SE, Suite 150
Kentwood, MI 49512
(616) 531-9860
dan@visserlegal.com

THE MILLER LAW FIRM, PC
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
Christopher D. Kaye (P61918)
950 W University Drive, Ste 300
Rochester, MI 48307
(248) 841-2200
epm@millerlawpc.com
cdk@millerlawpc.com

OUTSIDE LEGAL COUNSEL PLC
Philip L. Ellison (P74117)
PO Box 107
Hemlock, MI 48626
(989) 642-0055
pellison@olcplc.com

Matthew E. Gronda (P73693)
PO Box 70
St. Charles, MI 48655
(989) 249-0350
matthewgronda@gmail.com

***Counsel for Plaintiff***

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May  2  , 2024, the foregoing document was served on all parties of record via the Court's electronic filing system.

/s/ Leah C. Singleton_____
**Leah C. Singleton**
Visser and Associates, PLLC